IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 3, 2025

**CHARLENE DREADEN v. WHITE & RHODES, P.C.**

**Appeal from the Circuit Court for Davidson County**
**No. 25C225     Lynne T. Ingram, Judge**

_____

**No. M2025-00821-COA-T10B-CV**
_____

This is an accelerated interlocutory appeal as of right filed pursuant to Tennessee Supreme Court Rule 10B. Due to numerous deficiencies in the petition, the appeal is hereby dismissed.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal; Appeal Dismissed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Charlene Dreaden, Clarksville, Tennessee, pro se appellant.

Wendy L. Longmire and Richard Modrzynski, Nashville, Tennessee, for the appellee, White & Rhodes, PC.

**OPINION**

**BACKGROUND**

On May 29, 2025, Charlene Dreaden ("Appellant") filed a Petition for Recusal Appeal (the "Petition") pursuant to Tennessee Supreme Court Rule 10B. Appellant states that she is appealing the Davidson County Circuit Court's ("the trial court's") denial of her motion to recuse the trial court judge. However, despite referencing numerous exhibits throughout her Petition, Appellant failed to attach her motion to recuse or any other supporting documentation.

Without the benefit of a copy of the motion to recuse, this Court is unable to determine what grounds were actually raised therein. In her Petition, Appellant states that the trial court judge "has a relationship with Defendant's attorneys and individuals who

stand to lose substantially should evidence of alleged fraud be adjudicated appropriately." The "relationship" objected to by Appellant is the fact that defense counsel and her law firm previously provided campaign contributions to the trial court judge. Additionally, Appellant states that during a hearing on a motion to dismiss – which ultimately resulted in the dismissal of Appellant's complaint – the trial court "ignore[d] evidence[,]" "interrupt[ed] and argue[d] on behalf of the junior defense attorney," "shifted [the] burden of proof onto [Appellant] to show Defendant lacked immunity[,]" "dismissed [Appellant's] claims out-of-hand, without reviewing evidence of the alleged fraudulent liability sway," and "exhibit[ed] bias[.]" Although the trial court's order denying Appellant's motion for recusal ultimately addressed the substance of these and other claims, the trial court first found:

> Although [Appellant] cites Tenn. Sup. Ct. Rule 10B in two places [], she neglected to comply with the rule, which provides, in part:
>
>> . . . **The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials.** The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and **shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.**
>
> Tenn. Sup. Ct. Rule 10B, § 1.01 [(emphasis added)].
>
> [Appellant] did not provide a sworn affidavit or declaration under penalty of perjury, based on personal knowledge, to support her Motion. Nor does the Motion "affirmatively state that it is not being presented for any improper purpose." *Id.* On these grounds alone, because there is no proof before the Court, the Motion must be denied.

Appellant now appeals the denial of her motion to recuse.

## ANALYSIS

As this Court has explained:

> Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. Pursuant to § 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a

motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02.

The only issue we may consider in a Rule 10B appeal is whether the trial [court] judge should have granted Petitioner's motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo" is defined as "anew, afresh, a second time." *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011CV00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary* 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. . . . Tenn. Sup. Ct. R. 10B, § 2.06 also grants this [C]ourt the discretion to decide the appeal without oral argument.

*Anders v. Anders*, No. W2020-00146-COA-T10B-CV, 2020 WL 507979, at *1 (Tenn. Ct. App. Jan. 31, 2020). Finally, Rule 10B, § 2.04 grants this Court the discretion to "grant a stay on motion of a party or on the court's own initiative, pending [our] determination of the appeal." Based upon our review of Appellant's Petition, we have determined that an answer, additional briefing, a stay, or oral argument are not necessary, and we elect to act summarily on the appeal in accordance with Rule 10B, §§ 2.05 and 2.06.

Rule 10B sets forth clear procedural requirements for petitions for recusal appeal. As this Court has repeatedly observed,

"the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court." *Adams v. Brittenum*, No. W2023-00800-COA-T10B-CV, 2023 WL 3861820, at *1 (Tenn. Ct. App. June 6, 2023) (quoting *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015)). "In expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition." *Rothberg v. Fridrich & Associates Ins. Agency, Inc.*, No. M2022-00795-COA-T10B-CV, 2022 WL 2188998, at *2 (Tenn. Ct. App. June 17, 2022) (quoting *Trigg v. Trigg*, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *2 (Tenn. Ct. App. Apr. 27, 2016)). Without meticulous compliance with the Rule, we cannot meet our obligation to decide the appeal

"on an expedited basis." *Adams*, 2023 WL 3861820, at *1 (citing *Johnston*, 2015 WL 739606, at *2).

*Axis Dynamics, Inc. v. Hawk*, No. E2024-01805-COA-T10B-CV, 2024 WL 5103444, at *1 (Tenn. Ct. App. Dec. 13, 2024). First, Rule 10B, § 1.01 requires that a motion to recuse

> be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Rule 10B also requires that a petition for recusal appeal "be accompanied by a copy of the motion and all supporting documents filed in the trial court[.]" Tenn. Sup. Ct. R. 10B, § 2.03. The trial court found that Appellant did not comply with the requirements of Rule 10B, § 1.01. Because Appellant has not provided this Court with a copy of the motion to recuse or any documents filed in support thereof, we are unable to conduct a meaningful de novo review of this finding. Thus, we are unable to determine whether the trial court erred in denying Appellant's motion to recuse. *Johnston*, 2015 WL 739606, at *2. "Moreover, the failure to provide any sworn testimony means that [Appellant] has failed to present this Court with any '*evidence* that would prompt a reasonable, disinterested person to believe that the [trial court] judge's impartiality might reasonably be questioned.'" *Burkhart v. Burkhart*, No. M2023-01390-COA-T10B-CV, 2023 WL 6818637, at *3 (Tenn. Ct. App. Oct. 17, 2023) (quoting *Duke*, 398 S.W.3d at 671).

Additionally, Rule 10B, § 2.03(c) requires that a petition for recusal appeal contain "[a]n argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities[.]" Notably, Appellant's Petition does not contain any argument setting forth why she is entitled to appellate relief.

Given the numerous deficiencies in Appellant's Petition, we hereby dismiss the appeal. *See Blevins v. Green*, No. E2023-00295-COA-T10B-CV, 2023 WL 2398256, at *2 (Tenn. Ct. App. Mar. 8, 2023) (collecting cases).

## CONCLUSION

For the foregoing reasons, this appeal is dismissed. The motion for a stay pending appeal is denied as moot. The costs of this appeal are taxed to the appellant, Charlene Dreaden, for which execution may issue if necessary.[1] This case is remanded for further proceedings consistent with this opinion.

_____
KRISTI M. DAVIS, JUDGE

---

[1] Appellant filed a "Letter Stating Indigency," which we construe as a motion to proceed as indigent in this appeal. However, Appellant's alleged indigency does not relieve her from paying the court costs associated with this appeal. *See* Tenn. Code Ann. § 20-12-127(b) (stating that the filing of a civil action upon a pauper's oath "does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court"). Therefore, Appellant's motion is denied as moot.